UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARIA GONZALEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-01630-TWP-MPB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence filed by Petitioner Maria Gonzalez ("Ms. Gonzalez") (Dkt. 1). For the reasons explained in this Order, Ms. Gonzalez's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. THE § 2255 MOTION**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79

(7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. FACTUAL BACKGROUND

In 2016, federal law enforcement officers began investigating a drug organization that distributed pounds of methamphetamine and cocaine throughout Indianapolis, Indiana. *United States v. De La Torre*, 940 F.3d 938, 942 (7th Cir. 2019). Ms. Gonzalez participated in the organization by allowing methamphetamine to be stored in and sold from her home. *Id.* at 943. "Her most prominent role in the organization, though, was laundering [] drug money." *Id.* She not only laundered money herself, but also "recruited her son, his girlfriend, and his girlfriend's sister to help her by sending wires and making bank deposits." *Id.*

As a result of her involvement in the drug organization, Ms. Gonzalez was charged with one count of conspiracy to possess with intent to distribute and to distribute controlled substances ("Count 1"), one count of possession with intent to distribute methamphetamine on premises where children are present or reside ("Count 2"), one count of possession with intent to distribute controlled substances ("Count 3"), one count of unlawful possession of a firearm by an illegal alien ("Count 5"), and two counts of conspiracy to launder monetary instruments[1] ("Counts 12 and 13"). *United States v. Gonzalez*, No. 1:16-cr-00251-TWP-MJD-4 ("Crim. Dkt."), (Dkt. 595). She pled guilty to Counts 1, 12, and 13 without the benefit of a plea agreement, and the Government moved to dismiss Counts 2, 3, and 5. (Crim. Dkts. 792, 796, 808.)

A presentence investigation report was prepared prior to sentencing. (Crim. Dkt. 970.) It summarized the offense conduct, including facts about laundering the drug proceeds. *Id.* at ¶¶ 9-

---

[1] These two charges were separate offenses because Count 12 alleged that the conspirators knew the transactions were designed "to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity" and Count 13 alleged that the conspirators knew the transactions were designed "to promote the specified unlawful activity." (Crim. Dkt. 595.)

16. Participants in the drug organization wired over $200,000.00 to Mexico and California and deposited over $128,000.00 in bank accounts in Indianapolis. *Id.* at ¶ 15. Ms. Gonzalez's son conducted four wire transfers, his girlfriend conducted nine wire transfers and made six separate bank deposits, and her sister made one bank deposit. *Id.* at ¶ 16. Because of these facts, the Presentence Investigation Officer recommended a three-level adjustment to the offense level calculation for Counts 12 and 13 for Ms. Gonzalez's role as a manager or supervisor. (Crim. Dkt. 970 at ¶ 33.)

Ms. Gonzalez objected to the three-level adjustment at sentencing, arguing that she managed or supervised only three people and the adjustment applies when a defendant manages or supervises five or more individuals. (Crim. Dkt. 1104 at 16-18.) The Court overruled this objection. *Id.* at 18.[2] Based on a total offense level of 43 and a criminal history category of I, Ms. Gonzalez's guidelines range was life imprisonment. *Id.* at 32. The Court imposed an aggregate sentence of 300 months' imprisonment and five years' supervised release. *Id.* at 48-49; *see also* Crim. Dkt. 1073.

Ms. Gonzalez appealed her conviction and sentence. (Crim. Dkt. 1075.) Her sole argument on appeal attacked the three-level adjustment for her role in the offense, asserting that none of the individuals she supervised qualified as a "participant" under the United States Sentencing Guideline § 3B1.1. *See De La Torre*, 940 F.3d at 946-47. The Seventh Circuit reviewed this argument for plain error and found "no error in the … application of the aggravating role enhancement, and certainly not one that was plain." *Id.* It concluded that "[a] participant is

---

[2] The Court stated "…if you look at 3B1.1, aggravating role, the application note number 2 states that "to qualify for an adjustment under this section, the defendant must have been the organizer, leader, or manager or supervisor of one or more other participants," So it only requires one or more. An as you stated, it was the three--her son, his girlfriend, and his and the friend." (Dkt. 1104 at 16-17.) The Court noted that according to the probation officer, it has to be five or more in the entire conspiracy and there were six members of the money laundering charged conspiracy.

3

criminally responsible under § 3B1.1 if he or she knowingly assisted the criminal enterprise" and the uncontested facts established at a minimum that Ms. Gonzalez's son "knowingly assisted his mother in laundering money." *Id.*

Ms. Gonzalez presents a similar argument in this § 2255 motion: she contends that trial counsel provided ineffective assistance by failing to argue at sentencing "that the supervisees did not qualify as participants." (Dkt. 1 at 4.) The Government counters that counsel did not perform deficiently and that Ms. Gonzalez suffered no prejudice. (Dkt. 10 at 10-13.) Ms. Gonzalez did not file a reply.

### III.   DISCUSSION

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

To satisfy the first prong of the *Strickland* test, the petitioner must "show that [] counsel's performance was constitutionally deficient, meaning that it fell below an objective standard of reasonableness measured under prevailing professional norms." *Delatorre v. United States*, 847 F.3d 837, 845 (7th Cir. 2017) (cleaned up). On the prejudice prong, a petitioner "must show that but for counsel's errors, there is a reasonable probability that the result would have been different." *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (cleaned up). Ms. Gonzalez's claim of ineffective assistance fails because she cannot show deficient performance.

At the sentencing hearing, Ms. Gonzalez's counsel did object to the role enhancement and made argument that it should not apply, but the Court overruled her objection. Counsel's performance cannot be deficient if the objection counsel failed to make would have been futile. *See Carter v. Douma*, 796 F.3d 726, 735-36 (7th Cir. 2015) (concluding counsel's performance was not deficient because the objection counsel failed to make "should have been overruled" had it been made). As the Seventh Circuit stated when resolving Ms. Gonzalez's direct appeal, "[t]he record sufficiently supports a finding that at minimum Gonzalez's son, whom she trusted, knowingly assisted his mother in laundering money" and that is sufficient for concluding that he was a "participant" for purposes of the three-level adjustment in § 3B1.1. *De La Torre*, 940 F.3d at 946-47. Arguing at sentencing that the "supervisees did not qualify as participants," (Dkt. 1 at 4), would have been futile, and thus counsel did not provide constitutionally deficient representation by failing to present this objection.

### IV.   CONCLUSION

Ms. Gonzalez did not receive ineffective assistance of counsel. Therefore, she is not entitled to relief on her § 2255 motion. Her motion for relief pursuant to § 2255 is **DENIED** and this action is **dismissed with prejudice**.

Judgment consistent with this Order shall now issue, and the **Clerk shall docket a copy of this Order in No. 1:16-cr-00251-TWP-MJD-4**. The motion to vacate, Crim. Dkt. [1250], shall also be **terminated** in the underlying criminal action.

### V.   DENIAL OF CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of her habeas petition. Rather, she must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014).

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Ms. Gonzalez has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  The Court therefore **denies** a certificate of appealability.

    **SO ORDERED.**

Date:  3/1/2022

                                                 Hon. Tanya Walton Pratt, Chief Judge
                                                 United States District Court
                                                 Southern District of Indiana

DISTRIBUTION:

Maria Gonzalez, #15493-028
DANBURY FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
Route 37
Danbury, Connecticut  06811

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov